IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENRICK WILKERSON (TDCJ No. 1885146), | § § § |
| Plaintiff, | § § |
| V. | §  No. 3:17-cv-1578-B-BN |
| | § |
| DALLAS COUNTY DISTRICT COURT AND FIFTH COURT OF APPEALS, | § § § |
| Defendants. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action initiated by Plaintiff Senrick Wilkerson, a Texas inmate, on the form used for filing an application for habeas relief under 28 U.S.C. § 2254, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should construe this action as seeking mandamus relief and summarily dismiss it with prejudice.

**Applicable Background**

In 2010, a state court in Dallas County sentenced Wilkerson to three concurrent eight-year terms of imprisonment after he was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of child. All three judgments

were affirmed, Wilkerson's state habeas applications were denied without written order, and this Court denied his initial federal habeas application challenging these convictions. *See Wilkerson v. Stephens*, No. 3:14-cv-476-P-BK, 2015 WL 1005329 (N.D. Tex. Mar. 5, 2015).

Wilkerson insists multiple times on the current form complaint that this action "is not an attack on the [allegedly] illegal convictions." *E.g.,* Dkt. No. 2 at 11. Indeed, the relief he seeks is to compel the state courts to take action regarding those convictions. For example, as part of the relief requested, Wilkerson seeks to be returned to Dallas County immediately for an evidentiary hearing on motions he has filed in the state courts. *See id.* at 7. And he seeks to compel the State to produce certain documents and transcripts and to compel the state courts to "assign[ him] an effective layer." *Id.*

## Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

Applicable here, an action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Liberally construed, the relief that Wilkerson seeks, that this Court compel officials to perform in a certain manner, falls under the federal mandamus statute: 28 U.S.C. § 1361, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

It is clear, however, that this Court may not use the federal mandamus statute in the manner that Wilkerson requests – to compel state officials to act – because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th*

*Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also, e.g., George v. Harson*, Civ. A. No. 07-1270, 2007 WL 4896419, at *2 (W.D. La. Oct. 17, 2007) ("[T]o the extent that plaintiff seeks to invoke the mandamus jurisdiction of this court, such a claim is likewise subject to dismissal as frivolous.... Judge Duplantier, District Attorney Harson, Assistant District Attorney Edwards and Public Defender Thibodeaux are not officers or employees of the United States. Plaintiff is clearly not entitled to mandamus.").

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE